[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15375
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00033-CDL-MSH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LANCE BROWN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 31, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Lance Brown appeals his 24-month sentence, imposed after the district court determined that he had violated the conditions of his supervised release by failing to comply with his court-mandated mental health treatment.  Brown's guideline range was four to ten months, but the district court determined that a within-range sentence was inadequate to comply with several 18 U.S.C. § 3553(a) factors and sentenced Brown to 24 months.  On appeal, Brown contends his sentence was procedurally unreasonable because the district court's explanation for his sentence was inadequate.  Brown also argues that his sentence was substantively unreasonable because it failed to advance the purposes of sentencing and because the district court did not account for his personal characteristics or his rehabilitative needs.   After review, we affirm Brown's sentence.

*Procedural Reasonableness*

When reviewing a sentence, we must first determine that the "district court committed no significant procedural error." *Gall v. United States*, 128 S. Ct. 586, 597 (2007).  A sentence is procedurally reasonable if the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.*  We have never required a sentencing judge to "articulate his findings and reasoning with great detail or in any detail for that matter." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir.

2010) (*en banc*).  However, a "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, 127 S. Ct. 2456, 2469 (2007).  In *Rita*, the Supreme Court reasoned that, although the district court had provided a limited explanation of its sentence, the record showed that the court had listened to the evidence and arguments and was aware of the various factors that would justify a lower sentence.  *Id.* at  2469.

Brown's sentence was not procedurally unreasonable.  The district court articulated the various § 3553(a) factors that it believed justified the above-guideline range sentence.  Moreover, the record indicates that the district court heard sufficient evidence to support its conclusion, including the probation officer's testimony that Brown had (1) made serious threats to harm others; (2) indicated that he would continue to refuse to cooperate; and (3) proven to be "unsupervisable."  In combination with the evidence presented at Brown's revocation hearing, the district court's reference to various § 3553(a) factors was sufficient to explain Brown's sentence.  *See Rita*, 127 S. Ct. at 2469.

*Substantive Reasonableness*

We review the totality of the facts and circumstances to gauge for substantive error.  *Irey*, 612 F.3d at 1189-90.  The district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes"

listed in § 3553(a)(2).  *Id.* at 1196.  The weight given to each § 3553(a) factor is "a matter committed to the sound discretion of the district court."  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  We must vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotations omitted).

Brown's 24-month sentence was substantively reasonable.   The district court was within its discretion to weigh the § 3553(a) factors as it did and to determine that the 24-month sentence was necessary to comply with the purposes of sentencing.  *See Clay*, 483 F.3d at 743.  There is nothing in the record to leave this Court with the "definite and firm conviction" that the 24-month sentence was substantively unreasonable.  *See Pugh*, 515 F.3d at 1191.  Accordingly, we affirm Brown's sentence.

**AFFIRMED.**

4